Leopold Lee **PEDRAZA**, Appellant,

v.

Bob **PETERS**, **M.D.**, Karen **Calhoun**, **M.D.**, and Chester **Strunk**, **M.D.**, Appellees.

No. A14–91–00169–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 5, 1992.

Rehearing Denied April 23, 1992.

Otto D. Hewitt, III, Alvin, for appellant.

Evelyn T. Ailts, Patrick Knauth, Galveston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a dismissal of a medical malpractice suit. The trial court dismissed appellant's claims with prejudice for failure to comply with a prior trial court order compelling discovery. Appellant raises four points of error. Because we find the trial court abused its discretion, we reverse.

Appellant, an inmate, filed this pro se suit on January 24, 1990. The record does not contain discovery requests, other than a deposition notice, but the quantity of motions indicates continuous discovery problems. On March 16, 1990, appellant filed a motion for sanctions for appellees' failure to produce requested medical records. The trial court apparently held a hearing on this motion on April 30, 1990, but the record does not reflect any ruling on this motion.

On June 25, 1990, appellees filed a notice of intention to take appellant's oral deposition. On the same date, appellant filed a motion to compel and for sanctions for appellees' failure to respond to his interrogatories. On July 2, 1990, appellant filed a motion to quash appellees' deposition notice and filed a motion for protective order. The trial court held a hearing on these motions on July 10, 1990. The trial court's docket sheet indicates that it denied appellant's motion to quash and motion for protective order and that it granted appellant's motion to compel answers to interrogatories.

On August 7, 1990, appellant filed a motion for imposition of sanctions for appellees' failure to comply with the trial court's July 10, 1990 order compelling appellees to answer appellant's interrogatories. Although the record indicates a setting for a hearing on this motion, the record does not reflect that a hearing occurred or that the trial court ruled on this motion.

On September 21, 1990, appellant filed another motion for sanctions for appellees' delays in answering interrogatories. The record does not indicate that the trial court held a hearing or ruled on this motion.

On September 24, 1990, appellees filed a motion to compel designation of experts. The trial court held a hearing on October 19, 1990. Although the trial court's order of October 31, 1990, was not originally

included in the record, this court ordered the supplementation of the record and we now have that order before us. This order states:

It is, therefore, ORDERED, ADJUDGED and DECREED that Defendants BOB PETERS, M.D., KAREN CALHOUN, M.D., and CHESTER STRUNK, M.D.'s Motion to Compel Designation of Experts is hereby granted in all things and Plaintiff is hereby ORDERED to designate experts within sixty (60) days, or by December 19, 1990. Plaintiff is to submit written reports of its medical experts on or before December 19, 1990, or his pleadings will be striken [sic].

On December 20, 1990, the trial court entered an order of dismissal as a result of appellant's noncompliance with the order.

In points of error three and four, appellant contends the trial court abused its discretion in entering the sanction of dismissal and violated appellant's due process rights by dismissing his case without notice and a hearing. Appellees argue that appellant cannot establish an abuse of discretion without a statement of facts from the October 19, 1990 hearing. We disagree. TEX. R.APP.P. 50(d) places the burden on an appellant to present a sufficient record to show error requiring reversal. The transcript contains all pleadings, motions, and other documents filed with the court, as well as the trial court's rulings. The October 19, 1990 hearing involved a determination by the trial court whether to compel appellant to designate his expert witnesses. The motion did not allege other discovery abuse and did not specifically request sanctions. Furthermore, the trial court's order regarding this motion mentions only designation of experts and production of written reports by experts. As our analysis of appellant's points of error indicates, we find trial court error unrelated to any evidentiary considerations. Thus, we find that appellant has brought forth a sufficient record demonstrating error requiring reversal.

Until the supreme court's recent opinion in *Transamerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex.1991) (orig.

proceeding), review of cases involving sanctions simply required application of the "abuse of discretion" standard. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). To establish an abuse of discretion by the trial court, the complaining party had to show that the trial court acted arbitrarily or unreasonably and "without reference to any guiding rules and principles." *Id.* In *Downer*, the court held federal due process requirements precludes a trial court from dismissing a complaint when "noncompliance with a pretrial production order has been due to inability, and not to willfulness, bad faith, or any fault of petitioner." *Id.* at 242.

A case applying the *Downer* standard to a sanction of dismissal with prejudice held that such a severe sanction "may be justified if the discovery abuse has persisted over a long period of time and numerous efforts have been made to obtain compliance." *Ray v. Beene*, 721 S.W.2d 876, 879 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). The court added that if the recalcitrant party acted in bad faith or ignored a prior court order, the trial court could impose the extreme sanction of dismissing the plaintiff's case with prejudice. *Id.*

In *Transamerican*, however, the court set forth the "bounds of permissible sanctions under Rule 215 within which the trial court is to exercise sound discretion." 811 S.W.2d at 917. The court first reviewed the language of Rule 215, which authorizes a party, upon reasonable notice to other parties, to file a motion applying for sanctions or an order compelling discovery. TEX.R.CIV.P. 215(1). If a party fails to comply with proper discovery requests or a court order to provide or permit discovery, paragraph 2(b) of Rule 215 authorizes a court, after notice and hearing, to impose such sanctions "as are just." TEX.R.CIV.P. 215(2)(b).

The *Transamerican* court held that review of the imposition of sanctions requires a determination whether those sanctions were just. 811 S.W.2d at 917. To deter-

mine whether the sanctions imposed were just, the court offered two standards. First, there must be a direct relationship between the offensive conduct and the sanction imposed. *Id.* In other words, the sanction must be directed against the abuse and toward remedying prejudice to the innocent party. *Id.* Furthermore, the sanction should fall on the offender, whether it is the party, his counsel, or both. *Id.* Second, the sanctions must not be excessive. *Id.* Thus, the sanction should be no more severe than necessary to satisfy its legitimate purpose. *Id.* The court noted that striking a party's pleadings and dismissing the case is one of the most severe sanctions a trial court may impose. *See id.* at 917–18.

In this case, the trial court struck appellant's pleadings and dismissed his medical malpractice suit for failure to comply with the trial court's prior order regarding designation of experts and production of written reports of those experts. Rule 166b provides for the discovery of the identity and location of experts who may be called to testify, the substance of their expected testimony, and any reports prepared by the experts or for the experts in anticipation of the expert's trial or deposition testimony. TEX.R.CIV.P. 166b(2)(e). If a party fails to respond to a discovery request regarding expert witnesses, Rule 166b requires supplementation as follows:

A party who has responded to a request for discovery that was correct and complete when made is under no duty to supplement his response to include information thereafter acquired, *except the following shall be supplemented not less than thirty days prior to the beginning of trial unless the court finds that a good cause exists for permitting or requiring later supplementation.*

. . . .

b. If the party expects to call an expert witness when the identity or the subject matter of such expert witness' testimony has not been previously disclosed in response to an appropriate inquiry directly addressed to these matters, *such response must be supplemented to include the name, address and telephone number of the expert witness and the substance of the testimony concerning which the expert witness is expected to testify, as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court.*

TEX.R.CIV.P. 166b(6)(b) (emphasis added).

Thus, under Rule 166b, a party need not supply the identity or written reports of its experts until thirty days before trial. If a party seeks to designate experts who may testify less than thirty days before trial, that party is subject to the automatic sanction by the trial court of disallowing the testimony of those experts at trial. *See Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 395 (Tex.1989); *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 297 (Tex. 1986). The party may seek to avoid this sanction by attempting to show good cause for its delay in supplementing its response to the discovery request. *Gee,* 765 S.W.2d at 395. A party need not show good cause for failure to designate experts unless the designation is made less than thirty days before trial or unless the responding party completely fails to disclose any evidence requested in the discovery process. *Mother Frances Hosp. v. Coats,* 796 S.W.2d 566, 570 (Tex.App.—Tyler 1990, no writ) (orig. proceeding).

Under Rule 215(5), the court may, after notice and a hearing, impose any sanction authorized under paragraph 2(b) if the court finds a party is abusing the discovery process in seeking, making or resisting discovery. TEX.R.CIV.P. 215(5). Paragraph 2(b) authorizes an order striking a party's pleadings as a sanction for abuse of the discovery process. TEX.R.CIV.P. 215(2)(b)(5). There is no abuse of the discovery process if a party designates its expert witnesses more than thirty days before trial. *Coats,* 796 S.W.2d at 571.

The record shows that appellant filed suit on January 24, 1990. On September 24, 1990, appellees filed a motion to compel designation of experts. The record does not indicate that a trial date had been set. Although appellees contend on appeal there

was a proper discovery request for designation of experts, the record contains no such request from appellees before filing of the motion to compel asking appellant to designate experts. The motion to compel mentions no history of abuse of the discovery process. Rather, the motion states that appellees "would show that good cause exists for the Court to issue an order requiring Plaintiff to designate experts and produce written reports from said experts within a reasonable time." Significantly, the motion does not specifically request sanctions.

Because the record does not reflect a trial setting, the trial court was not authorized to compel designation of experts more than thirty days before trial. Furthermore, appellant's failure to designate his experts more than thirty days before trial was not an abuse of the discovery process for which the trial court could impose sanctions under Rule 215(2)(b). The trial court's order of December 20, 1990 recites the court's findings that appellant failed to designate experts as required by the prior court order and that appellant's claims were frivolous and harassing. The October 31, 1990 order, however, imposed the automatic sanction of striking appellant's pleadings, not for failure to designate experts, but for failure to submit the written reports of his experts. To offer testimony of expert witnesses, a party need only designate the identity and location of his experts. A party need not produce written reports unless the expert prepares such materials. *See* Tex.R.Civ.P. 166b(2)(e)(2).

Because the motion to compel and the October 31, 1990 order refer only to designation of experts and production of expert reports, we need only determine whether the sanction of striking appellant's pleadings and dismissing his case with prejudice was a just sanction for failure to comply with the October 31, 1990 order. Because we find numerous problems with the trial court's action, we find the sanction unjust. The October 31, 1990 order stated that if appellant failed to produce expert's reports by December 19, 1990, his pleadings would be stricken. The initial problem with this order is that it imposes an automatic and drastic sanction for failure to produce material that may not exist and is not necessary for an expert to testify at trial. A further problem with this order is that, even if such reports existed, the record reveals no trial setting and thus, the trial court had no authority under Rule 166b to require production of this material more than thirty days before trial, much less to impose an automatic sanction for nonproduction. Also, the imposition of the most severe sanction for failure to produce such expert reports is, in our opinion, extremely excessive and violative of appellant's due process rights. A trial court should impose this sanction only for the repeated willful refusal to respond to discovery requests or to comply with court's orders regarding discovery. *See Ray*, 721 S.W.2d at 879. Finally, the December 19, 1990 order indicates that the trial court struck appellant's pleadings and dismissed his claims with prejudice, not for the failure to produce expert reports, but for the failure to designate expert witnesses. Thus, the trial court imposed the sanction for failure to comply with a requirement that, under the October 31, 1990 order, imposed no sanction. Even if the prior order had imposed an automatic sanction for failure to designate experts, we would find the sanction excessive since the sanction under Rule 166b for failure to timely designate expert witnesses is the disallowance of their testimony at trial. Accordingly, we hold that the sanction imposed by the trial court was unjust and unauthorized under Rule 215. Furthermore, because the sanction related only to designation of experts, the sanction constituted a denial of appellant's due process rights because it was not based upon repeated, willful noncompliance with discovery requests or orders. Thus, the trial court committed a clear abuse of discretion. We sustain points of error three and four. Having sustained these points, we need not address appellant's other points of error.

On October 3, 1991, appellees moved this court to impose sanctions on appellant for statements appellant made in his motion to

strike appellees' supplemental brief. We share appellees' indignation about appellant's misstatements in his motion to strike; however, we do not believe sanctions are authorized in this circumstance. *See* TEX. R.APP.P. 84.

We reverse the trial court's order and remand the cause to the trial court.

SEARS, J., not participating.