Cindy PETERS, Individually and as Administratrix of the Estate of Charles Peters, Deceased, Relator,

v.

The Honorable Louis M. MOORE, Judge of the 281st Judicial District Court of Harris County, Texas, Respondent.

No. A14–92–00478–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 30, 1992.

Gerald M. Birnberg, Houston, Harry H. Walsh, III, Huntville, for appellant.

Charles D. Boston, Leslie M. Ribnik, Houston, for appellee.

J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

Cindy Peters, relator, petitions this Court for a writ of mandamus. Relator requests us to compel the Honorable Louis M. Moore, Judge of the 281st Judicial District Court of Harris County, Texas, respondent, to vacate his order, signed April 20, 1992. Judge Moore ordered all of relator's designated expert witnesses struck and prohibited their testimony at trial. For the reasons set forth below we conditionally grant her petition for writ of mandamus.

This petition for writ of mandamus arises from a psychiatric medical malpractice case brought in 1991 by relator, and her minor daughter, against Dr. Roy Aruffo (Aruffo), the real party in interest. On January 2, 1992, Aruffo filed a motion for continuance and a proposed docket control order. The trial court granted the continuance from March 9, 1992 until June 28, 1992, and signed the agreed docket control order. The pertinent portion of the order deals with relator's expert witnesses and states:

2. February 14, 1992

EXPERTS for all plaintiffs shall be designated by this date. No additional experts will be permitted to testify except for good cause shown. Nothing herein shall relieve plaintiffs from the obligation of designating expert witnesses as soon as practical. Further, on this date, plaintiffs shall provide reports from each designated expert containing the subject matter on which the expert is expected to testify, the mental impressions and opinions held by the expert, and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert.

Relator timely designated Drs. Tancredi, Palmer, Hollister, Spencer, Johnstone, Claighorne and Schouten, Jim Vinson, Ph. D., and Larry Boyd, as her expert witnesses by the February 14, 1992 deadline. By letter dated February 14, 1992, relator gave Aruffo a brief statement of these experts' opinions based on the information available to them at the time. The letter further stated:

The opinions of the foregoing experts are, of course, subject to change or modification depending upon review of Dr. Aruffo's deposition which we tentatively expect to be taken on February 28, 1992.

\* \* \* \* \* \*

We expect to file complete written reports of these experts by March 15, 1992, *assuming* that we are able to complete the deposition of Dr. Aruffo on February 28, 1992. (emphasis added)

As you know, the scheduling order of the Court provides that the Plaintiff is to file written reports of their experts on or before February 14, 1992. In our above-referenced telephone conversation of February 13, 1992, I indicated to you that we had mailed our list of designated experts on February 13, 1992 and we discussed the matter of our experts' written opinions. During that conversation you indicated that *the above statements regarding our experts' opinions would be sufficient until we have been able to depose the Defendant, Dr. Aruffo, and that we would thereafter file formal written reports of our experts* on or before March 15, 1992. Likewise, I agreed that similar consideration would be given to reports from your designated experts and that you may require additional time in which to obtain written reports from them after the April 13, 1992 deadline.... (emphasis added)

Aruffo sent a confirmation letter dated February 17, 1992, stating "[y]our letter of February 14 correctly reflects our agreement with regard to designation of experts and reports."

Aruffo's deposition was to be taken after the completion of relator's deposition. Because Aruffo wanted to be present at relator's deposition, and because of scheduling conflicts between Aruffo and the attorneys, relator's deposition was carried out in two and four hour sessions over a period of several weeks. Thus, her deposition which began on December 20, 1991 was not completed until February 28, 1992. At that

time, the attorneys tentatively agreed to take the depositions of relator's experts the week of March 23, 1992. Then because of Aruffo's schedule, his deposition could not be taken until March 10, 1992. Due to the delay in taking Aruffo's deposition, none of relator's expert witnesses were offered for deposition during the week of March 23rd.

Relator ordered expedited copies of Aruffo's deposition transcription and received them by March 17, 1992. She immediately forwarded copies of the deposition by Federal Express to her designated expert witnesses. After reviewing Aruffo's deposition testimony, relator supplemented her designation of experts by substituting Dr. Charles Welch for the timely designated Dr. Ron Schouten. Aruffo rejected this supplementation on March 24, 1992, and acknowledged that Drs. Johnstone, Claighorne, and Spencer were to be medical fact witnesses for relator and would not be providing expert reports.

On March 31, 1992, relator hand delivered copies of the expert reports made by Drs. Palmer and Welch to Aruffo. Relator also acknowledged on this date, receipt of Aruffo's motion to strike her designation of expert witnesses. She urged Aruffo "to reconsider this motion, in light of the realities of this case. The case [wa]s not set for trial until June 28, 1992. Mediation [wa]s not set until May 15, 1992." Further, relator had "already agreed that [Aruffo could] complete [his] depositions of [her] experts before [she would] attempt to take depositions from any of [his] expert witnesses."

Due to scheduling conflicts of relator's expert witnesses, the rest of the expert reports were not all completed and delivered until April 16, 1992. However, Aruffo had all the expert reports on April 20, 1992 when Judge Moore heard the motion to strike. After reviewing the evidence and hearing argument of counsel, the judge granted the motion as to relator only, severing her minor daughter's cause of action. Judge Moore stated he was strictly enforcing the agreement of the parties under contract law principles. His order stated that relator's designation of Drs. Tancredi,

Hollister, Palmer, and Schouten, and Jim Vinson, Ph.D. was stricken because she failed to "provide reports of such experts by March 15, 1992, the last date of extension agreed upon by counsel for Dr. Aruffo." The order also stated that relator's "attempted late designation of Charles Welsh (sic), M.D. as an expert witness in place of Ron Schouten, M.D." was stricken because he "was not designated by the date required" in the docket control order and his report was not supplied "within any time agreed upon by counsel for the defendant." The expert witnesses struck under Judge Moore's order could not testify at the trial of this case.

■ In her petition, relator alleges mandamus relief is appropriate, and the order was a clear abuse of Judge Moore's discretion as either a discovery sanction, or a remedy for breach of contract.

■ Mandamus is proper to "correct a 'clear abuse of discretion' committed by the trial court." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A clear abuse of discretion occurs when the trial court " 'reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.' " *Id.* (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)).

In the instant case, the trial court purported to be merely enforcing the parties' docket control agreement by applying the rules of contract law. The trial court did not look to the Rules of Civil Procedure governing discovery and discovery abuse in making its determination. Rule 166b(6)(b) provides that an expert which a party expects to call, and has not previously identified, must be identified and the subject matter of the expert's testimony revealed, "as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court." TEX. R.CIV.P. 166b(6)(b). Relator designated experts and provided expert reports to Aruffo more than 60 days before trial. This is ample notice and time for Aruffo to depose the witnesses and prepare for trial. This Court questions the wisdom of allowing

parties to alter the deadlines set out by the Rules of Civil Procedure by agreement.

Nevertheless, just enforcing the agreement would not create the result ordered by the trial court. There is no language in the agreement which states that if relator failed to provide the expert reports by February 14, or the modified date of March 15, her expert witnesses would be struck and not allowed to testify. The only provision in the agreement which carries such a remedy is the designation of expert witnesses, and even that provision provides for supplementation. The record reflects relator timely designated all her expert witnesses which the trial court struck, except Dr. Welch. Therefore, there is no basis in the agreement for striking the timely designated witnesses.

As to Dr. Welch, the agreement of the parties does provide for the designation of additional experts upon "good cause shown." Relator, after reviewing Aruffo's deposition, determined that Dr. Welch would be better able to rebut Aruffo's testimony than the timely designated Dr. Schouten. She therefore wanted to designate Dr. Welch and delete Dr. Schouten as an expert witness. The fact that Dr. Welch's report was one of the first filed on March 31, 1992, and Dr. Schouten's deposition had not yet been taken, alleviates any prejudice to Aruffo. Relator's good faith efforts to comply with discovery deadlines coupled with unexpected information or circumstances from Aruffo's deposition constitute good cause to allow the switch in designated experts. *Clark v. Trailways, Inc.*, 774 S.W.2d 644, 647 (Tex.1989), *cert. denied*, 493 U.S. 1074, 110 S.Ct. 1122, 107 L.Ed.2d 1028 (1990). Additionally, the trial court's order reflects Dr. Welch was struck for being designated late and because his report was not provided by March 15, 1992. The trial court did not state that relator had failed to show good cause for the designation of an additional expert witness as set out in the agreement of the parties.

Further, even if the failure to provide the expert reports by March 15, 1992 was a breach of the agreement, Aruffo has alleged no harm or prejudice. Under contract law, the remedy for a breach of an agreement is to compensate for the damage or loss actually sustained by the other party. *Phillips v. Phillips*, 820 S.W.2d 785, 788 (Tex.1991) (citing *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484, 485–86 (1952)). Striking relator's expert witnesses is harsh compensation for a party who was not harmed or prejudiced by the two to four week delay in getting the reports.

Since the trial court's actions are not provided for in the agreement he was enforcing, and are not an appropriate remedy for any alleged breach, the order is essentially a sanction for discovery abuse. However, there is no record of prior discovery abuses by relator, or the imposition of other less stringent sanctions, which would justify the striking of all her expert witnesses. *See Transamerican Natural Gas v. Powell*, 811 S.W.2d 913, 917–18 (Tex. 1991).

 The trial court in imposing sanctions for discovery abuse is to look to Rule 215 of the Rules of Civil Procedure. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). *See* TEX.R.CIV.P. 215. Sanctions are imposed in the trial court's discretion but must be "just." *Transamerican Natural Gas*, 811 S.W.2d at 917. In this case, sanctions of even a lesser nature would not be just or accomplish the legitimate purpose of the trial court, where the delay in preparing the expert reports was caused by relator's accommodation of the complaining party, Aruffo. *See Tinsley v. Downey*, 822 S.W.2d 784, 787 (Tex. App.—Houston [14th Dist.] 1992, no writ). The purpose of discovery is to prevent "trial by ambush" and ensure fairness. *Clark*, 774 S.W.2d at 646. The agreement clearly was based on the premise that Aruffo's deposition would be taken before the expert reports would be prepared and filed. There was no problem with changing dates or extending time when it was Aruffo who needed the extra time to complete relator's deposition or be available for his own deposition. The same consideration should have been given to relator.

■ The trial court acted without reference to the rules, the agreement it was allegedly enforcing or the principles of contract law it was applying. The trial court's action in striking all of relator's expert witnesses is a clear abuse of discretion. Even so, in order for mandamus to issue, relator must have no adequate remedy at law. *Walker*, 827 S.W.2d at 840.

■ A party will not have an adequate remedy at law where "the appellate court would not be able to cure the trial court's discovery error," "where the trial court disallows discovery and the missing discovery cannot be made part of the appellate record ...," or "where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery order." *Id.* at 843. As to the latter situation, it is not enough for relator to show the "delay, inconvenience or expense of an appeal." *Id.* Relator must show "the effective denial of a reasonable opportunity to develop the merits of ... her case, so that the trial would be a waste of judicial resources." *Id.*

In a medical malpractice case, the cause of action may only be proved up through the use of expert witness testimony. Thus, the striking of all of relator's expert witnesses vitiates her ability to present her case. A trial of this type of case under these circumstances would be "a waste of judicial resources." *Id.* Relator has no adequate remedy at law by appeal and mandamus is appropriate.

We conditionally grant relator's petition for writ of mandamus. The writ will not issue unless Judge Moore fails to vacate his order striking relator's timely designated expert witnesses and striking her supplemental designation of Dr. Welch as a witness.