Emergency Motion for Stay Denied, Motion to
Consolidate Granted, Petitions for Writ of
Mandamus Denied, and Majority and Dissenting Opinions filed March 3, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00132-CV

NO. 14-11-00156-CV

____________

 

IN RE MICHELE LE, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

125th District Court

Harris County, Texas

Trial Court Cause No. 2008-41349

 

 

 



D I S S E
N T I N G   O P I N I O N

On this
record, I agree with the trial court that relator committed discovery abuse and
that sanctions are warranted— but the trial court’s death penalty sanction is
not just, and therefore, I respectfully dissent.

As to
the monetary portion of the award, I would stay the case to allow relator to
present her argument to the trial court that the imposition of these large
monetary sanctions (payable before judgment with a $500 per day fine for any
day late in payment) threatens her ability to continue the litigation.  In
Braden, the Supreme Court held that the imposition of $10,000 in sanctions
threatened the ability of the relator to continue the litigation.  Braden v.
Downey, 811 S.W.2d 922, 929 (Tex. 1991).  This sanction, against an
individual, is almost three times that amount, increasing daily and includes a
future payment of an additional $8500. 

            I would grant
the mandamus on the death penalty sanctions, because plaintiff did not show in
the motion for sanctions or at the oral hearing that relator’s discovery abuse
justified the presumption that the relator’s claims or defenses lack merit or
that it would be unjust to allow relator to present her defenses to the jury.  See
Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 850 (Tex. 1992).  

Plaintiff
presented no evidence that any missing documents were crucial to his case or
that he could not present his case to the jury because of the missing
documents.  In his supplement to the motion for sanctions, he identified only
three documents that relator failed to produce.  In an affidavit attached to
the original motion, plaintiff’s counsel merely states that the discovery abuse
prejudiced the plaintiff “by causing a delay in discovery and by failing to
provide discoverable documents and information.”  The conclusory affidavit does
not identify what discovery the plaintiff lacks or how that missing discovery
impacts the case.  This one conclusory sentence cannot justify death penalty
sanctions. 

Relator
has been deposed once and presumably will appear again for her deposition.  Relator
has produced boxes of documents.  Relator has paid the outstanding $500 fine.  Relator
has provided the missing bank account numbers, answered all outstanding
document requests and has responded to Plaintiff’s contention for the
non-production of three documents. 

Sanctions
must be just.  TransAmerican Nat. Gas Corp. v. Powell, 811 S.W.2d 913,
917-18 (Tex. 1991).  A just sanction, if more than monetary sanctions are appropriate,
would only prevent relator from making any claim or defense that relates to any
undisclosed documents—-it would not strike her pleadings and prevent her from
offering any evidence or giving any testimony.  The punishment
should fit the crime.  Smith v. Nguyen, 855 S.W.2d 263, 266 (Tex.
App.—Houston [14th Dist.] 1983, writ denied). 

I would
grant the mandamus in part, strike the death penalty portion of the trial
court’s order, and stay the trial to allow relator to present the argument to
the trial court that immediate payment of the sanctions would threaten her
ability to continue with the litigation. 

 

 

                                                                                    

                                                                        /s/        Tracy Christopher

                                                                                    Justice

 

Panel consists of Chief Justice
Hedges and Justices Frost and Christopher.  (Frost J., Majority).