**Reversed and Memorandum Opinion filed June 11, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00114-CV

---

**RALEIGH LENARD JORDAN, Appellant**

**V.**

**LISA SHERICE JORDAN, Appellee**

---

**On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 2009-48505**

---

## M E M O R A N D U M   O P I N I O N

In six issues, appellant Raleigh Lenard Jordan challenges the trial court's division of property in the underlying divorce proceeding. We conclude the trial court abused its discretion in excluding Jordan's inventory and appraisement at trial. We reverse and remand for proceedings consistent with this opinion.

## *Background*

After Raleigh and appellee Lisa Sherice Jordan agreed to settle the custody issues involving their children, their divorce case proceeded to trial before the associate judge of the 308th District Court, solely on the issue of division of property. Raleigh appeared pro se.[1] Lisa's inventory and appraisement and proposed property division admitted at trial listed community property less liabilities valued at approximately $86,000, Lisa's separate property valued at approximately negative $21,000, and Raleigh's separate property with an unknown value. Lisa requested a disproportionate division of assets (60% to Lisa and 40% to Raleigh).[2] Raleigh offered his own inventory and appraisement, but Lisa's attorney objected that Raleigh had not tendered it pursuant to the court's own rule requiring exhibits to be exchanged between the parties before trial. The trial court did not admit the inventory and appraisement into evidence but stated, "I will take judicial notice of the underlying file, the court's file, which contains your properly filed Inventory and Appraisement." The associate judge adopted Lisa's proposed property division "as a just, fair and equitable division of the estate under the circumstances." The presiding judge entered a final divorce decree based on the associate judge's recommendation.[3]

---

[1] Explaining his decision to appear pro se in his divorce, Raleigh states that "neither attorney he hired looked out for his best interest. . . . [B]elieving he could [represent himself] on his own," Raleigh nevertheless discovered, "it's harder than it looks on TV." Litigants choosing to appear pro se must comply with the applicable procedural rules and are held to the same standards that apply to licensed attorneys. *Sedillo v. Campbell*, 5 S.W.3d 824, 829 (Tex. App.— Houston [14th Dist.] 1999, no pet.). To treat a pro se litigant differently than a litigant represented by counsel would accord the former an unfair advantage over the latter. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978).

[2] Raleigh attempted to object to the inventory on the ground that "[t]he debt liabilities is [sic] inaccurate." The trial court overruled the objection on the basis that it was "not a legal objection."

[3] An associate judge may recommend an order to be rendered in a case. Tex. Fam. Code

*Discussion*

In his sixth issue, Raleigh contends the trial court abused its discretion in failing to admit or consider Raleigh's inventory and appraisement. At trial, Raleigh asked the trial court to admit his inventory and appraisement into evidence. Lisa's counsel objected on the ground that Raleigh "didn't tender [this] evidence to me in exchange of the evidence prior to trial," but suggested the court could "take judicial notice of the court's file containing the inventory."[4] The associate judge responded, "I will take judicial notice of the underlying file, the court's file, which contains your properly filed Inventory and Appraisement." Raleigh responded, "So it's entered, correct? So I can talk about it?" The associate judge responded, "I can't give you any legal advi[c]e."[5] Thus, the

---

§ 201.007(a)(10). The associate judge must report his or her findings, conclusions, or recommendations to the presiding judge and provide a copy of the report to the parties. *Id.* § 201.011. The associate judge's report in this case containing his recommendation with regard to the division of property is not part of the record on appeal.

[4] Lisa's counsel did not cite any rule or mention any pretrial order that Raleigh purportedly violated. We assume for purposes of our analysis that Lisa's counsel was referring to the court's own rule requiring pretrial exchange of exhibits between parties, discussed below.

[5] The entire colloquy follows:

| [Raleigh:] | Can I enter this into evidence, . . . Raleigh Jordan's Inventory and Appraisement? |
| [Lisa's counsel:] | Again, your Honor, he did not tender any documents to me prior to the start of this trial. |
| [Raleigh:] | So you didn't get none [sic] of those either? |
| [Lisa's counsel:] | He didn't tender his evidence to me in exchange of the evidence prior to trial, your Honor. So I object. He [sic] can take judicial notice of the court's file containing the inventory. |
| The Court: | Mr. Jordan, I will take judicial notice of the underlying file, the court's file, which contains your properly filed Inventory and Appraisement. |
| [Raleigh:] | Okay. So it's entered, correct? So I can talk about it? |
| The Court: | I can't give you any legal advi[c]e. |

3

associate judge apparently did not admit the inventory and appraisement into evidence, but instead agreed to take judicial notice of it.[6]

Rule 166 permits trial courts to hold pretrial conferences and enter orders requiring the parties, among other things, to exchange prior to trial all exhibits a party may use at trial. Tex. R. Civ. P. 166. The purpose of Rule 166 is "to assist in the disposition of the case." *Id*. Although Rule 166 expressly does not provide trial courts the power to sanction for failing to obey the court's pretrial orders or

---

| [Raleigh:] | Okay. So it is entered? |
| [Lisa's counsel:] | I'm not the judge. |
| [Raleigh:] | Did you receive it? I'm trying to get an understanding before I go into it with you. |
| [Lisa's counsel:] | Objection, your Honor, if he wants to call me as a witness he can swear me in. |
| The Court: | Mr. Jordan, you cannot direct any questions to Mr. York. I would not allow Mr. York to direct any questions to you, sir, while you are sitting down and he's examining a witness. |

[6] A court may take judicial notice of its own records and of facts shown by its records in the case on trial. *Tex. Sec. Corp. v. Peters*, 463 S.W.2d 263, 265 (Tex. Civ. App.—Fort Worth 1971, no writ). However, a judicially noticed fact must be one not subject to reasonable dispute in that it is either generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Guyton v. Monteau*, 332 S.W.3d 687, 692 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Thus, the trial court was entitled to take judicial notice that Raleigh properly filed his inventory and appraisement, but could not consider its contents "as evidence" for purposes of reaching the trial court's conclusions. *See Aduli v. Aduli*, 368 S.W.3d 805, 820 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (acknowledging inventory and appraisement not offered and admitted into evidence would not be properly subject to judicial notice); *see also Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508 (Tex. App.—Austin 1994, no writ) ("We believe an inventory and appraisement is analogous to a pleading. . . . [U]nless a party's inventory is formally admitted into evidence at trial, that party may not rely on the inventory as evidence on appeal."); *Guyton*, 332 S.W.3d at 692–93 (holding trial court abused its discretion in taking judicial notice of all documents and testimony in the case to determine whether applicant was suitable to administer estate). *Contra Vannerson v. Vannerson*, 857 S.W.2d 659, 670–71 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (holding trial court did not abuse its discretion in considering inventory not introduced into evidence because the trial court could have taken judicial notice of it).

4

rules, the Texas Supreme Court has determined that such power is implicit. *Koslow's v. Mackie*, 796 S.W.2d 700, 703 (Tex. 1990); *see also Taylor v. Taylor*, 254 S.W.3d 527, 532 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Perez v. Murff*, 972 S.W.2d 78, 81 (Tex. App.—Texarkana 1998, pet. denied). Even so, the sanctions imposed must be just and appropriate. *Taylor*, 254 S.W.3d at 532.

Here, the trial court promulgated its own rules entitled, "308th Court Rules and Policies" (Court Rules). Court Rule 20 required the parties to exchange exhibits before the commencement of trial.[7] Under Rule of Civil Procedure 3a, a court's local rules, among other things, (1) are not effective until they are submitted and approved by the supreme court, (2) may not alter any time period prescribed by the Rules of Civil Procedure, and (3) may not be applied to determine the merits of any matter unless they are in compliance with Rule 3a. Tex. R. Civ. P. 3a(2), (3), (6); *see also Approximately $14,980.00 v. State*, 261 S.W.3d 182, 189 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (concluding trial court erred to the extent it relied on local court rules in conflict with Texas Rule of Civil Procedure 21a in refusing to consider appellant's evidence). Assuming without deciding that Rule 20 complied with Rule 3a, we shall determine whether the trial court's exclusion of Raleigh's inventory and appraisement based on his violation of this rule amounted to an impermissible sanction.

Our review depends upon the characterization of the trial court's action. *Perez*, 972 S.W.2d at 81. A death penalty sanction adjudicates a claim and precludes the presentation of the merits of the case. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex. 1991); *Perez*, 972 S.W.2d at 81. Although death penalty sanctions are most often thought of in the context of

---

[7] Court Rule 20 is entitled, "All matters with EXHIBITS," and states, "documents must be pre-marked, exchanged and objections made prior to the commencement of the hearing/trial."

striking pleadings or rendering a default judgment, any sanctions that are case determinative may constitute death penalty sanctions. *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 732 (Tex. 1993); *Perez*, 972 S.W.2d at 81. In this case, the trial court's exclusion of Raleigh's inventory and appraisement constituted a sanction for Raleigh's failure to tender his exhibits to Lisa's counsel before trial. *See Perez*, 972 S.W.2d at 81. The trial court excluded the only exhibit Raleigh offered at trial—relating to his assets and liabilities and thus the just and right division of property—which precluded him from presenting the merits of his case. *See id.* at 82. The exclusion of Raleigh's inventory and appraisement is a death penalty sanction.[8] *See, e.g., Adkins Servs., Inc. v. Tisdale Co.*, 56 S.W.3d 842, 846 (Tex. App.—Texarkana 2001, no pet.) (preventing introduction of evidence to prove party had right to sue was death penalty sanction); *Perez*, 972 S.W.2d at 82 (same with regard to excluding undesignated witnesses); *Smith v. Nguyen,* 855 S.W.2d 263, 267 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (same with regard to striking testimony of expert witness that was essential to plaintiff's presentation of merits of case).

Imposing an available sanction is left to the sound discretion of the trial court. *Perez*, 972 S.W.2d at 82. An appellate court will set aside the decision only on a showing of a clear abuse of discretion. *Id*. The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, or equivalently, whether under all the circumstances of the particular case, the trial court's action was arbitrary or unreasonable. *Id*. (citing *Koslow's*, 796 S.W.2d at

---

[8] Although Raleigh could have testified as to his liabilities and assets, he was prevented from presenting any documentation supporting them. *See Taylor*, 254 S.W.3d at 534-35 (finding trial court sanction that prevented party from presenting evidence at trial other than his own testimony excessive and harmful). Also, when Raleigh asked whether he could "talk about" the contents of his inventory and assessment, the trial court responded, "I can't give you any legal advi[c]e."

704). However, when reviewing death penalty sanctions, we are also required to review the trial court's actions in light of the standards set out in *TransAmerican*. *Taylor*, 254 S.W.3d at 532; *Perez*, 972 S.W.2d at 82.

First, we examine whether a direct relationship exists between the offensive conduct and the sanction imposed. *TransAmerican*, 811 S.W.2d at 917. This also means the sanction should be visited only upon the offender. *Id*. The trial court should attempt to determine whether the offensive conduct is attributable to counsel only, the party only, or both. *Id*. Second, just sanctions must not be excessive. *Id*. A sanction should be no more severe than necessary to satisfy its legitimate purposes. *Id*. Courts must consider the availability of lesser sanctions and whether they would promote compliance fully. *Id*.

Under the first prong, the sanction must be imposed on the offender. *Perez*, 972 S.W.2d at 82. Here, the failure to tender the exhibit to Lisa's counsel was attributable to Raleigh, who represented himself. However, sanctions fail under the first prong when the party seeking sanctions could show no prejudice due to the conduct of the offending party. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849-50 (Tex. 1992); *Taylor*, 254 S.W.3d at 533; *Perez*, 972 S.W.2d at 82. Before trial, Raleigh's counsel had filed and served Lisa's counsel with Raleigh's inventory and appraisement and supporting documentation.[9] Thus, Lisa was not surprised at trial by Raleigh's offer of the inventory and appraisement, and Lisa did not show its admission would be prejudicial to her.[10] *See Taylor*, 254 S.W.3d at

---

[9] This was in compliance with Local Rules 4.2 and 4.3. *See* Rules 4.2 and 4.3 of the Judicial Dist. Courts of Harris Cnty., Tex., Family Trial Div.

[10] Raleigh apparently offered an inventory and appraisement that had been amended after Raleigh's counsel filed and served on Lisa's counsel the initial inventory and appraisement. It is unclear from the record what amendments were made or whether Lisa's counsel had received the amended inventory and appraisement before trial. However, it was Lisa's burden to show prejudice at trial when Raleigh offered the amended inventory and appraisement, which she did

533 (holding parties seeking sanction excluding witness and trial exhibit were not prejudiced because they were aware of the witness and the exhibit was on their own exhibit list); *Perez*, 972 S.W.2d at 82-83 (concluding party was not prejudiced by other party's failure to designate witnesses when first party had designated one of the witnesses itself and had deposed all the witnesses).

Under the second prong—whether the sanction is excessive—we assess whether the trial court considered any lesser sanctions as a means to address the problem. *Perez*, 972 S.W.2d at 83. Nothing in the record indicates that the trial court considered lesser sanctions or that lesser sanctions would not have been effective. *See Taylor*, 254 S.W.3d at 533. The record also does not show that Raleigh was warned, prior to trial, that failure to tender his exhibits would preclude him from presenting any documentary evidence at trial. *See id.* at 533-34; *see also Smith*, 855 S.W.2d at 267 (concluding counsel did not willfully disregard discovery rules when he was not notified of new deadline for designation of witnesses). Court Rule 20 did not indicate a range of possible consequences for failure to comply with it or put Raleigh on notice that he risked being able to present his case if he failed to tender his exhibits before trial. *See Taylor*, 254 S.W.3d at 534.

The record also does not reflect any past actions by Raleigh that would justify the imposition of such a harsh sanction. *See id.* The record shows no bad faith or callous disregard by Raleigh of his responsibility to comply with the trial court's rule.[11] If anything, Raleigh was ignorant of the rule. *See Smith*, 855

---

not do. *See Taylor*, 254 S.W.3d at 533; *Perez*, 972 S.W.2d at 82.

[11] The trial court's failure to consider less stringent sanctions does not invalidate the sanctions imposed if the sanctions imposed are "clearly justified and it is fully apparent that no lesser sanctions would promote compliance." *GTE*, 856 S.W.2d at 729; *Perez*, 972 S.W.2d at 83. However, the record must reveal that the party exhibited such flagrant bad faith or callous disregard for the responsibilities imposed on him by the trial court that such severe sanctions

S.W.2d at 267 (concluding attorney did not willfully disregard scheduling order in failing to check court's file). Accordingly, the sanction was excessive. *See Gunn v. Fuqua*, No. 05-11-00162-CV, 2013WL1606488, at \*12 (Tex. App.—Dallas Apr. 11, 2013, no. pet. h.) (citing *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991) (orig. proceeding)) ("Sanctions which terminate or inhibit the presentation of the merits of a party's claim must be reserved for circumstances in which a party has so abused the rules of procedure, despite imposition of lesser sanctions, that the party's position can be presumed to lack merit and it would be unjust to permit the party to present the substance of that position before the court.") (internal quotations omitted). We conclude the trial court abused its discretion in refusing to admit Raleigh's inventory and appraisement.

We may reverse only if the trial court's sanction probably caused rendition of an improper judgment or probably prevented the appellant from properly presenting the case to this court. *See* Tex. R. App. P. 44.1(a). Here, the harm caused by Raleigh's inability to present any evidence at trial, other than his own testimony, is patent. *See Taylor*, 254 S.W.3d at 535. The sanction prevented Raleigh from effectively presenting the merits of his case, which influenced the trial court's division of property.[12] *See id.* We sustain Raleigh's sixth issue.[13]

---

were justified. *Chrysler Corp.*, 841 S.W.2d at 849; *Perez*, 972 S.W.2d at 83.

[12] The trial court expressly stated that its division of property was "a just, fair and equitable division of the estate under the circumstances."

[13] Thus, we do not reach Raleigh's five other issues, complaining of the trial court's (1) refusal to grant Raleigh's request for a de novo hearing on Raleigh's amended motion for new trial; (2) denial of Raleigh's amended motion for new trial; (3) grant of Lisa's motion to compel discovery; and (4) adoption of Lisa's inventory and appraisement; and (5) complaining the evidence was legally and factually insufficient to support the trial court's property division.

We reverse and remand the cause for proceedings consistent with this opinion.

/s/    Martha Hill Jamison
       Justice

Panel consists of Justices Christopher, Jamison, and McCally.