**LOFFLAND BROTHERS COMPANY, Mobil Oil Corporation, Mobil Producing Texas and New Mexico, Inc. and Mobil Exploration and Producing U.S.A., Inc., Relators,**

v.

**The Honorable Dan DOWNEY, Judge of the 295th District Court of Harris County, Texas, Respondent.**

No. 01–91–00879–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 19, 1991.

Steve Rosenblatt, Houston, for relators.

Michael Farrow, Houston, for respondent.

Before SAM BASS, DUNN and HUGHES, JJ.

## OPINION

HUGHES, Justice.

This is an original proceeding in which relators seek relief from the June 12, 1991, order of the Honorable Dan Downey, Judge of the 295th District Court of Harris County, denying relators' motion for leave to designate expert witnesses in the case styled *Gary Wayne Gambrell v. Loffland Bros. Co. et al*, trial cause no. 90–43392.

The underlying cause of action is a maritime personal injury claim filed in Brazoria County in 1989. Relators, defendants below, obtained transfer of venue to Harris County by order signed May 29, 1990. On the same day, the trial court granted substitution of counsel for the Mobil entities and they engaged the services of Loffland's attorneys pursuant to an indemnification agreement. The record contains a notice of substitution that bears the file stamps of both the Brazoria and Harris County District Clerk's offices. After assignment of the case to Judge Downey's court, a docket control order issued August 28, 1990. The instrument set the cutoff date for designation of defendants' expert witnesses on April 2, 1991, and also established dates for completion of discovery, amending pleadings, filing a joint pretrial order, pretrial conference, and trial.

Relators claim that Loffland's defense counsel learned of the order on April 25, and received a copy by facsimile transmission from plaintiff's attorney that day. The defense moved for leave of court to designate three expert witnesses by motion dated May 15, and leave was denied by the court on June 12, 1991. The docket control order set the case for trial on February 3, 1992. We granted leave to consider whether Judge Downey's denial of relators' late-filed motion to designate expert witnesses constituted a clear abuse of discretion without an adequate remedy on appeal. *Jampole v. Touchy*, 673 S.W.2d 569, 572–73 (Tex.1984); *Barker v. Dunham*, 551 S.W.2d 41, 42 (Tex.1977).

■ The trial court's control of pretrial activities is discretionary. TEX.R.CIV.P. 166. Designation of expert witnesses is a

critical element of the pretrial discovery process. An abuse of discretion by the trial court during discovery is reviewable by this Court on petition for writ of mandamus. *Jampole*, 673 S.W.2d at 576; *Kentucky Fried Chicken Nat'l Mgt. Co. v. Tennant*, 782 S.W.2d 318, 320 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding).

### 1. Notice

■ Respondent contends that relators were charged with notice of the docket control order, including notice of trial setting. He argues that a party to a suit is charged by law with notice of all orders and judgments rendered by the court. *Pentikis v. Texas Elec. Serv. Co.*, 470 S.W.2d 387 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.). Respondent further contends the docket control order was filed in the court's file and became a matter of record. We are unable to consider his contention the order was a matter of public record and subject to notice because respondent has failed to include proof of that allegation in his unverified answer, and the record does not reflect the docket control order was filed anywhere. TEX.R.APP.P. 121(a)(2)(C), (e).

■ All communications from the court or other counsel with respect to a suit shall be sent to the attorney in charge. TEX. R.CIV.P. 8. The record reveals that Loffland's attorneys were properly substituted, notice of substitution acknowledged by the Harris County District Clerk, and relators' counsel were "attorneys in charge" as contemplated by the rule. Standard docket control orders of the type before us carry notification of a trial setting, and are the only notice to attorneys of matters crucial to the outcome of litigation. We find docket control orders such as this fall within the purview of TEX.R.CIV.P. 21a and its procedural requirements for notice to counsel.

■ This Court has repeatedly addressed the need for adequate notice of trial proceedings, and we have held that such notice is a fundamental element of due process. *Chow v. Dole*, 677 S.W.2d 220, 221 (Tex.App.—Houston [1st Dist.] 1984, no writ). Failure to comply with the service requirements of rule 21a constitutes a denial of a party's right to be heard in a contested case. *Wilson v. Industrial Leasing Corp.*, 689 S.W.2d 496, 497 (Tex. App.—Houston [1st Dist.] 1985, no writ); *P. Bosco & Sons v. Conley, Lott, Nichols Mach. Co.*, 629 S.W.2d 142, 143–44 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). Relators have properly shown they never received the notice required by rule 21a, and could not, therefore, comply with its rigid discovery cutoff. *See Cliff v. Huggins*, 724 S.W.2d 778, 779–80 (Tex.1987). We have established that relators were entitled to receive notice of the court's docket control order pursuant to TEX.R.CIV.P. 21a. Respondent's contention that notice was not required is overruled.

### 2. Abuse of discretion

■ When apprised of the court's docket control order, relators sought leave to designate three expert witnesses by motion submitted to the court more than eight months before the date of trial setting. The disclosure of expert witnesses required by the docket control order was made pursuant to TEX.R.CIV.P. 166b(2)(e)(3), which allows the trial judge discretion in compelling a party to disclose *whether* an expert may be called to testify. The disclosure must be made within a *reasonable* and specific time before the date of trial. Pretrial designation was intended as a prospective cure for abuses of TEX.R.CIV.P. 166b(6)(b), and as prevention against ensuing discovery disputes. That rule requires expert witnesses to be identified through supplemental answers to interrogatories as soon as practical, but in no event later than 30 days prior to the beginning of trial, except on leave of court.

■ A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). Mandamus relief is available when, under the circumstances of the case, the facts and law permit the trial court to make but one decision, the trial court refuses to make that decision, and

appeal to correct the ruling is an inadequate remedy. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987).

In this case, the court ordered that the expert witnesses be designated more than eight months before trial. A trial court may not arbitrarily limit presentation of evidence when a good faith effort is made to disclose the source of that testimony more than eight months before trial, and there are no other justifiable reasons for the early designation. *Mother Frances Hosp. v. Coats*, 796 S.W.2d 566, 569–71 (Tex.App.—Tyler 1990, no writ).

The record shows that relators' experts will testify at trial on key issues of marine safety, rehabilitation and damages. Exclusion of that testimony prevents relators' ability to fairly try this lawsuit, with foreseeable harm as the result. *See Mother Frances Hosp.*, 796 S.W.2d at 571. Relators' defense at trial will be emasculated without introduction of expert testimony, and trial rendered no more than an empty exercise. Additionally, the real party in interest has not demonstrated in what manner he would be harmed by allowing the designation of expert witnesses within a reasonable time before trial, as requested by relators.

To afford a genuine remedy, a direct appeal must afford relief on the very subject matter of the original proceeding, and must be equally convenient, beneficial and effective as mandamus. *Anderson v. Lykes*, 761 S.W.2d 831, 834 (Tex.App.—Dallas 1988, orig. proceeding). To require a party to try their lawsuit without proper admission of expert testimony, only to have the lawsuit rendered a certain nullity on appeal, falls short of a remedy by appeal that is contemplated by caselaw. *Cf. Jampole*, 673 S.W.2d at 576; *Mother Frances Hosp.*, 796 S.W.2d at 571.

We find relators have demonstrated their injury is without adequate remedy by appeal, and that the court has abused its discretion in not allowing designation of their expert witnesses over eight months before trial. The order is arbitrary, and so prejudical to the defense's presentation of

their case that due process is threatened and abuse of discretion is clear.

We conditionally grant the writ of mandamus. Mandamus shall not issue unless Judge Downey fails to vacate his order denying relators leave to designate expert witnesses a reasonable time before trial of this cause.