ACCEPTED
01-15-00758-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/3/2015 4:42:02 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00758-CV

# IN THE FIRST COURT OF APPEALS
## HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/3/2015 4:42:02 PM

CHRISTOPHER A. PRINE
Clerk

_____

In Re Advanced Powder Solutions, Inc.

*Relator,*

_____

Original Proceeding from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2014-16020
The Honorable Kyle Carter, Presiding

_____

## PETITION FOR WRIT OF MANDAMUS

_____

Donald M. Hudgins (10149000)
dhudgins@hudgins-law.com
Michael D. Hudgins (00787731)
mhudgins@hudgins-law.com
Steven F. Hudgins (00793993)
shudgins@hudgins-law.com
Nicole James Petrelli (24035568)
npetrelli@hudgins-law.com
THE HUDGINS LAW FIRM, P.C.
24 Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone (713) 623-2550
Facsimile  (713) 623-2793

**COUNSEL FOR RELATOR
ADVANCED POWDER SOLUTIONS, INC.**

TEMPORARY RELIEF AND ORAL ARGUMENT REQUESTED

# IDENTITIES OF PARTIES AND COUNSEL

Pursuant to Rule 52.3(a) of the Texas Rules of Appellate Procedure, the following is a list of interested parties for the convenience of the Court.

Advanced Powder Solutions, Inc. ................................................................Relator

Donald M. Hudgins
dhudgins@hudgins-law.com
Michael D. Hudgins
mhudgins@hudgins-law.com
Steven F. Hudgins
shudgins@hudgins-law.com
Nicole James Petrelli (24035568)
npetrelli@hudgins-law.com
THE HUDGINS LAW FIRM, P.C.
24 Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone (713) 623-2550
Facsimile (713) 623-2793 ..........................Trial and Appellate Counsel for Relator

Charles A. Sturm
csturm@sturmlegal.com
Sturm Law, PLLC
723 Main Street, Suite 330
Houston, Texas 77002 .................................................... Trial Counsel for Relator

Tremaine Hewitt ...................................................................Real Party in Interest

Kurt Arnold
karnold@arnolditkin.com
Kyle Findley
kfindley@arnolditkin.com
Arnold & Itkin LLP
6009 Memorial Drive
Houston, Texas 77007 ................................Trial Counsel for Real Party in Interest

# TABLE OF CONTENTS

Page

IDENTITIES OF PARTIES AND COUNSEL ........................................................ i

TABLE OF CONTENTS ...................................................................................... ii

INDEX OF AUTHORITIES ..................................................................................v

STATEMENT OF THE CASE ............................................................................vi

STATEMENT OF JURISDICTION ................................................................... vii

ISSUES PRESENTED........................................................................................ viii

STATEMENT OF FACTS ....................................................................................1

1.      The accident.................................................................................................1

2.      Plaintiff files suit.........................................................................................1

3.      Plaintiff's experts.........................................................................................2

4.      Defendant requests Rule 204.1 exam. ........................................................3

SUMMARY ...........................................................................................................4

ARGUMENT AND AUTHORITIES ....................................................................5

1.      The trial court abused its discretion in denying motion to
        compel ........................................................................................................6

        a.      The exam will produce relevant
                evidence............................................................................................6

        b.      There is a nexus between controversy and exam ...............................6

# TABLE OF CONTENTS (Cont'd)

Page

c. Not possible to obtain "the information" through less intrusive means ....................................................................7

2. Defendant has no adequate remedy by appeal. .............................................8

a. The order impairs substantive and procedural rights of Defendant. ....................................................................9

b. Mandamus review affords an opportunity for helpful direction that will prove elusive on appeal. ......................................10

c. Mandamus review spares private parties and the public an utter waste of time and money on improperly conducted proceedings. ...................................................................11

d. Other courts reach a similar result. ......................................................11

CONCLUSION AND PRAYER ........................................................................13

NOTICE OF REQUEST FOR TEMPORARY RELIEF ........................................................................14

RULE 52.3(J) CERTIFICATION ........................................................................14

CERTIFICATE OF COMPLIANCE ........................................................................15

CERTIFICATE OF SERVICE ........................................................................16

APPENDIX

Order Denying Motion for Physical Exam ......................................................Tab 1

# INDEX OF AUTHORITIES

Cases:                                                                    Page(s)

*Coates v. Whittington*,
        758 S.W.2d 749 (Tex. 1988). ....................................................................6

*In re Jacobs*,
        300 S.W.3d 35 (Tex.App.—Houston [14th Dist.]
        2009, orig. proceeding). ........................................................ 10-11

*In re Ten Hagen Excavating, Inc.,*
        435 S.W.3d 859 (Tex.App.—Dallas  2014, orig. proceeding). ..................7, 8

*In re Theusen*,
        No. 14–13–00174–CV, 2013 WL 1461790
        (Tex.App.—Houston [14th Dist.]
        Apr. 11, 2013, orig. proceeding). ................................................6

*In re Transwestern Publishing Co., L.L.C.*,
        96 S.W.3d 501 (Tex.App.—Houston [14th Dist.]
        2002, orig. proceeding). .................................................................12

*In re Prudential Ins. Co. of Am.*,
        148 S.W.3d 124 (Tex. 2004). ....................................................8, 9

*Loffland Bros. Co. v. Downey*,
        822 S.W.2d 249 (Tex.App.—Houston [1st Dist.]
        1993, orig. proceeding). .................................................................9

*Sherwood Lane Assocs. v. O'Neill*,
        782 S.W.2d 942 (Tex.App.—Houston [1st Dist.]
        1990, no writ). ........................................................................

*Travelers Indem. Co. of Conn. v. Mayfield*,
        923 S.W.2d 590 (Tex. 1996) (orig. proceeding)....................................9, 10

*Walker v. Packer*,
        827 S.W.2d 833 (Tex. 1992)......................................................6

# INDEX OF AUTHORITIES (Cont'd)

Statutes and Rules:                                                    Page

TEX. GOV'T CODE § 22.221(b)(1) .................................................................xi

TEX. R. CIV. P. 204.1 .........................................................................passim

v

# STATEMENT OF THE CASE

**Nature of the Case:** This is a personal injury lawsuit that arises from burns and other injuries Plaintiff suffered in an accident that occurred at the premises of Relator Advanced Powder Solutions, Inc. The dispute presented to this Court relates to Defendant's routine request under Rule 204.1 for an order that would simply allow its own experts to conduct a medical examination upon which they can base their opinions and/or dispute the opinions to be offered by Plaintiff's retained medical expert whose opinions are based on his own medical examination.

**Trial Court:** 125th Judicial District Court, Harris County, Texas
Cause No. 2014-16020
The Honorable Kyle Carter

**Trial Court's Disposition:** The trial court denied Defendant's Motion for Physical Exam on July 17, 2015.

**Parties in Trial Court:** Plaintiff:    Tremaine Hewitt

Defendant:  Advanced Powder Solutions, Inc.

# STATEMENT OF JURISDICTION

This Court has jurisdiction to grant the requested relief under Texas Government Code § 22.221, which provides that the Court of Appeals may issue "all writs of mandamus, agreeable to the principles of law" against "a judge of a district or county court in the court of appeals district." TEX. GOV'T CODE § 22.221(b)(1).

# ISSUES PRESENTED

1.  Whether the trial court abused its discretion in denying Advanced Powder Solutions, Inc.'s Motion for Physical Exam.

2.  Whether there is an adequate remedy at law when the denial of Advanced Powder Solutions, Inc.'s Motion for Physical Exam impairs the substantive and procedural rights of Defendant.

# STATEMENT OF FACTS

This is a personal injury lawsuit that arises from burns and other injuries Plaintiff suffered in an accident that occurred at the premises of Relator Advanced Powder Solutions, Inc. The dispute presented to this Court relates to Defendant's routine request under Rule 204.1 for an order that would simply allow its own experts to (1) conduct a medical examination upon which they can base their opinions and/or (2) dispute the opinions to be offered by Plaintiff's retained medical expert whose opinions are based on his own medical examination. Here are the facts relevant to why the trial court abused its discretion in denying the requested relief.

## 1. The accident.

The accident occurred on August 26, 2013. (MR at 2). At that time, Plaintiff was working at Relator's facility when he was injured during a blast that Plaintiff contends was caused by one of his co-workers. (MR at 2). Plaintiff contends he "suffered severe burns and orthopedic injuries" so serious that he was "life-flighted from the scene." (MR at 2). Plaintiff contends he has undergone multiple surgeries as a result of the injuries suffered in this accident. (MR at 2). Plaintiff contends his injuries limit his current earning capacity. (MR at 2).

## 2. Plaintiff files suit.

Plaintiff filed this lawsuit on March 24, 2014, to recover for "severe physical injuries" suffered in the accident. (MR at 3). More specifically, Plaintiff seeks

1

recovery for economic and non-economic damages. (MR at 3). The economic damages sought include "past and future economic damages" and "medical bills." (MR at 3). The non-economic damages include "pain and suffering, impairment, disfigurement, [and] mental anguish" damages. (MR at 3).

**3.     Plaintiff's experts.**

To support his claims for economic and non-economic damages, Plaintiff designated two separate experts: Angel M. Roman, M.D. and Kenneth McCoin, Ph.D.

**a.     Angel M. Roman, M.D.**

Dr. Angel Roman is Plaintiff's medical expert, who is designated to offer testimony regarding the following:

- Plaintiff's "medical condition . . . as result of the injuries he received in the incident made the basis of this suit;"

- Projected medical cost analysis for Plaintiff's future medical needs and costs;

- The reasonableness and necessity of Plaintiff's medical treatment in the past and future;

- Causation testimony as to "Plaintiff's injuries that resulted from this incident;"

(MR at 7). Critically, Plaintiff's designation of Dr. Roman expressly premises the entirety of his opinions on ***"his own physical evaluation."*** (MR at 7) (emphasis

2

added).  Dr. Roman is not disclosed as having provided any care of treatment to Plaintiff.  (MR at 7).

**b.     Ken McCoin.**

Ken McCoin is an economist and Plaintiff designated him to testify regarding "Plaintiff's loss of earning capacity."  (MR at 8).  As part of his analysis, Plaintiff disclosed that McCoin will rely on Plaintiff's "post injury earning capacity."  (MR at 8).  McCoin's testimony is being offered in support of Plaintiff's claim of physical impairment and the alleged economic damages resulting from his claimed impairment.  (MR at 8).

**4.     Defendant requests 204.1 exam.**

Pursuant to Rule 204.1, Defendants filed their motion to compel a physical examination by: (1) Defendant's retained plastic surgeon, Ramsey J. Choucair, M.D. so he can provide opinions related to Plaintiff's injuries and anticipated future medical treatment; and (2) Ergonomic Rehabilitation of Houston ("ErgoRehab") so that Plaintiff can undergo a functional capacity evaluation and impairment rating in order to determine Plaintiff's ability to return to work.  (MR 64 – 136).

Plaintiff opposed the motion, arguing there are less intrusive means for the desired information—despite knowing their own retained expert would have a benefit not afforded Defendant's retained expert and that such benefit would bolster his retained expert's reliability as compared to any controverting expert designated

3

by Defendant. (MR 137 – 176). Nevertheless, on July 17, 2015, the trial court denied Defendant's motion (MR 190), leaving Defendant no alternative but to seek mandamus relief.

## SUMMARY OF THE ARGUMENT

Mandamus relief exists to remedy wrongs where there is no an adequate remedy on appeal. Although it is not based in equity, it is guided by equitable principles.

There is nothing equitable about allowing one party's expert access to evidence while denying that opportunity to the other party. But that is what the trial court effectively did when it summarily denied Defendant's routine motion to compel a physical examination under Rule 204.1 where Plaintiff seeks damages for physical impairment, disfigurement and loss of earning capacity. Quite simply, the denial of a routine Rule 204.1 motion constitutes a clear abuse of discretion because "good cause" exists to support Defendant's motion for a physical examination. More specifically, the evidence that Defendant seeks, a physical examination, is not only relevant to the controversy, i.e., the extent of Plaintiff's injuries and impairment, but it is needed for Defendant to fairly defend itself against damage claims that Plaintiff intends to prove through its own medical expert who has access to a physical examination.

4

Mandamus relief is needed to remedy the trial court's abuse of discretion because an ordinary appeal does not provide an adequate remedy. This is because a trial that is based on unequal access to critical evidence will amount to nothing more than an "empty exercise," which will unnecessarily subject Defendant to the cost of a trial that is certain to be reversed on appeal. By that time, valuable resources will have been expended that are not recoverable, the physical condition of Plaintiff will likely have changed, and memories will certainly fade. So the passage of time alone will deprive Defendant (via his medical expert) of equal access to critical evidence that is relevant to a controversy (the extent of Plaintiff's injuries and physical impairment) in this case.

Mandamus relief is needed to ensure a fair trial.

## ARGUMENT AND AUTHORITIES

The trial court's denial of a routine Rule 204.1 motion to compel wrongly blesses a trial where Plaintiff's retained expert's credibility and methodology is unfairly bestowed more credibility than Defendant's retained expert. Why? Because—as made clear in his expert disclosure—Plaintiff's medical expert will be telling the jury that *his opinions* are based upon *his own* medical examination of Plaintiff—something Defendant's expert will not be able to do if the order is allowed to stand. Because the trial court abused its discretion in denying the motion to

5

compel, which leaves Defendant without an adequate remedy at law, mandamus relief is proper. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992).

**1.     The trial court abused its discretion in denying motion to compel.**

The Texas Supreme Court ruled in *Coates v. Whittington*, 758 S.W.2d 749 (Tex. 1988) that "good cause" for a physical examination of a plaintiff exists when (1) the examination is relevant to the issues in controversy, (2) a reasonable relationship or nexus exists between the controversy and examination sought, and (3) it is not possible to obtain the information through less intrusive means. *Coates*, 758 S.W.2d at 751.

**a.     The exam will produce relevant evidence.**

For the examination to be relevant, it need only be shown that it will produce, or is likely to lead to, evidence of relevance to the case. *Id.* at 753; *In re Theusen*, No. 14–13–00174–CV, 2013 WL 1461790, *3 (Tex.App.—Houston [14th Dist.] Apr. 11, 2013, orig. proceeding). Here, Plaintiff seeks damages for impairment and disfigurement and has designated a medical expert in support of this claim. (MR at 3, 7). Therefore, the examination will produce relevant evidence. Not surprisingly, Plaintiff did not contest this element in his response. (MR at 137 – 144). The first element of good cause is satisfied.

**b.     There is a nexus between controversy and exam.**

Because he seeks recovery for both impairment and disfigurement (MR at 3)

6

and intends to offer expert testimony in support of this claim (MR at 3-4), it is no surprise that Plaintiff also did not challenge the existence of a nexus between the controversy and the exam sought.   (MR at 137 – 144).  To this end, where a party intends to offer evidence (i.e., expert medical testimony) to support its pleadings for damages, the nexus requirement is satisfied.  *See In re Ten Hagen Excavating, Inc.,* 435 S.W.3d 859, 867-68 (Tex.App.—Dallas 2014, orig. proceeding).  The second element of good cause is satisfied.

### c. Not possible to obtain "the information" through less intrusive means.

Plaintiff's response to the Rule 204.1 motion to compel focuses on the third element; Plaintiff contends Defendant made no effort to obtain "the information" through less intrusive means.  (MR at 139 – 143).  In support of this argument, Plaintiff contends that Defendant has not pursued the deposition of his treating physicians—a discovery tool Plaintiff self-servingly contends would be less intrusive.  But, Plaintiff—and more importantly, the trial court—ignore the reality that "the information" sought is not simply the opinions of Plaintiff's treating physicians, or even his own retained medical expert.  Instead, "the information" sought—needed, in fact—is a first-hand medical examination upon which Defendant's retained expert can base his opinions—just like Plaintiff's retained expert's intends to do.  (MR 7).

7

Quite simply, it is well settled that where the intended examination is not intrusive, invasive or unnecessarily physically uncomfortable, parties are permitted to explore matters not covered by the opposing party's examinations, make their own observations, and attempt to discover facts that may contradict the opinions of the opposing party's expert witnesses. *In re Ten Hagen Excavating, Inc.,* 435 S.W.3d at 870. Accordingly, because the examinations sought by Defendant are not intrusive, invasive, or unnecessarily physically uncomfortable, they should be allowed. To hold otherwise would deprive Defendant the right to explore and develop evidence that supports theories that contradict the theories espoused by Plaintiff's retained experts and thus, deprive Defendant the right to a fair trial. The third element of good cause is satisfied.

**2.      Defendant has no adequate remedy by appeal.**

It is well-settled that an appellate remedy is "adequate" only when the benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). Indeed, the word "adequate" is simply a "proxy for the careful balance of jurisprudential considerations that determine" when mandamus review is warranted. *Id.* at 136. And although "mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." *Id.* at 138. The determination is not abstract or formulaic, but instead is "practical and prudential." *Id.* at 136.

8

Three of *Prudential*'s practical and prudential considerations warrant interlocutory intervention in this case: (1) the need to "preserve important substantive and procedural rights from impairment or loss, (2) the need for "appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments," and (3) the need to "spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *See Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

### a. The order impairs substantive and procedural rights of Defendant.

In some instances, evidentiary rulings change the balance of fairness and due process in a trial, and in those instances, the benefits of mandamus outweigh its detriments. Indeed, while an appeal can remedy most evidentiary mistakes, when the error goes to "key issues" and "prevents relator's ability to fairly try [the] lawsuit," the result can be so prejudicial that due process is threatened. *Loffland Bros. Co. v. Downey*, 822 S.W.2d 249, 252 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding). A trial infected with error so serious becomes no more than an "empty exercise" warranting mandamus relief. *Id.* Consequently, mandamus relief is needed where the trial court's order creates a distinct unfair advantage that will compromise the defendant's ability to "present a viable . . . defense." *See Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 595 (Tex. 1996) (orig.

9

proceeding). For orders of this magnitude—those "so prejudicial to the defense's presentation of their case that due process is threatened"—mandamus is the proper remedy. *Loffland Bros. Co.*, 822 S.W.2d at 252.

The trial court's order rejecting Defendant's request for an equal opportunity to examine Plaintiff will warp the trial of this case and make it nothing more than an "empty exercise." As in *Travelers Indemnity*, Defendant's "litigation strategy . . . will be unfairly hindered" by a ruling that unfairly "skews the litigation process." *Travelers Indem. Co.*, 923 S.W.2d at 595. Indeed, the trial court's decision to deny Defendant an equal opportunity to examine Plaintiff—who seeks damages for disfigurement and impairment—will vitiate Defendant's ability to mount an effective defense to these damage claims. This is because Plaintiff's retained medical expert will be able to bolster his opinions by boasting that his opinions are premised upon his own personal examination of Plaintiff as contrasted to Defendant's retained expert whose opinions will be based on second-hand information obtained through medical records and depositions of those who treated Plaintiff. Mandamus review is warranted.

> **b. Mandamus review affords an opportunity for helpful direction that will prove elusive on appeal.**

Under *Prudential*, mandamus is appropriate in exceptional cases to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments. *In re Jacobs*, 300 S.W.3d 35, 46 (Tex.App.—Houston [14th

10

Dist.] 2009, orig. proceeding). Quite simply, a do over following a successful appeal does not afford Defendant an equal opportunity to discover and present evidence at trial. This is because valuable time and resources will have already been expended, physical conditions will likely change, and memories will certainly fade. This second factor also favors mandamus review.

### c. Mandamus review spares private parties and the public an utter waste of time and money on improperly conducted proceedings.

You can't un-ring the bell. And an appeal cannot remedy the damage done by an unfair trial that is certain to be reversed. Accordingly, mandamus review will spare private and public resources that will be incurred if a trial that unfairly favors one party's expert over another is allowed to proceed without guidance by this Court. Indeed, because the court acted without reference to the guiding rules and principles applicable to motions under Rule 204.1, reversal is inevitable. Regrettably, the erroneous ruling "radically skews the procedural dynamics of the case," rendering a regular appeal "inadequate." Indeed, without mandamus relief, Defendant will be sentenced to first incurring the expense of a trial tainted with reversible error, plus the added expense of an appeal, before having a fair opportunity to defend itself against the damage claims at issue. The third factor heavily favors mandamus review.

### d. Other courts reach a similar result.

The question of whether an order denying a motion to compel under Rule

204.1 is subject to mandamus review (because there is no adequate remedy on appeal) has been answered affirmatively in the following cases: *See In re Transwestern Publishing Co., L.L.C.*, 96 S.W.3d 501, 508 (Tex.App.—Houston [14th Dist.] 2002, orig. proceeding) (holding that because relators need to conduct the examination before trial in order to adequately defend against Plaintiff's allegations and the opinions of Plaintiff's retained expert, an appeal of the trial court's order after trial would not provide an adequate remedy); *In re Ten Hagen Excavating, Inc.,* 435 S.W.3d 859, 867-68 (Tex.App.—Dallas 2014, orig. proceeding) (holding an appeal of an order denying a Rule 204.1 motion does not provide an adequate remedy where the ruling restricted the defendant's opportunity to determine the nature and extent of the plaintiff's injury and to discover and develop facts that may contradict the opinions of the plaintiff's expert witnesses); *see also Sherwood Lane Assocs. v. O'Neill*, 782 S.W.2d 942, 945 (Tex.App.—Houston [1st Dist.] 1990, no writ) (granting mandamus relief where trial court denied order compelling independent psychiatric examination under prior Rule 167a). Of course, this is not surprising because the failure to provide the defendant an equal opportunity to discover and present evidence in the context of a lawsuit where permanent impairment is alleged is "so prejudicial to the defense's presentation of their case that due process is threatened." So, mandamus relief is needed.

# CONCLUSION AND PRAYER

Mandamus relief should be granted.

Respectfully submitted,

**THE HUDGINS LAW FIRM**
**A PROFESSIONAL CORPORATION**

By:    /s/ Michael D. Hudgins
         Donald M. Hudgins (10149000)
         dhudgins@hudgins-law.com
         Michael D. Hudgins (00787731)
         mhudgins@hudgins-law.com
         Steven F. Hudgins (00793993)
         shudgins@hudgins-law.com
         Nicole James Petrelli (24035568)
         npetrelli@hudgins-law.com
         24 Greenway Plaza, Suite 2000
         Houston, Texas 77046
         Telephone (713) 623-2550
         Facsimile   (713) 623-2793

         **COUNSEL FOR RELATOR**

13

# NOTICE OF REQUEST FOR TEMPORARY RELIEF

The undersigned certifies that Relator has made a diligent effort to notify counsel for Tremaine Hewitt that it is filing a petition for writ of mandamus that is accompanied by a motion for temporary relief. I notified counsel for Tremaine Hewitt about the request for temporary relief by emailing a courtesy copy of this Petition for Writ of Mandamus and copy of the Motion for Temporary Relief on this 3rd day of September 2015.

/s/ Steven F. Hudgins
Steven F. Hudgins

# RULE 52.3(J) CERTIFICATION

I have reviewed the response and concluded that the factual statements in the response are supported by competent evidence included in the appendix and/or record.

/s/ Michael D. Hudgins
Michael D. Hudgins

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Rule 9.4 of the Texas Rules of Appellate Procedure because it contains 3,037 words, excluding the parts of the response exempted by Rule 9.4.

This response also complies with the typeface requirements of Rule 9.4(e) because it has been prepared in proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

/s/ Michael D. Hudgins
Michael D. Hudgins

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Petition for Mandamus* and *Mandamus Record* was served on the following counsel:

Kurt Arnold
karnold@arnolditkin.com
Kyle Findley
kfindley@arnolditkin.com
Arnold & Itkin LLP
6009 Memorial Drive
Houston, Texas 77007
*Counsel for Real Party in Interest*

Charles A. Sturm
csturm@sturmlegal.com
Sturm Law, PLLC
723 Main Street, Suite 330
Houston, Texas 77002
*Counsel for Relator*

via electronic mail and/or electronic service on the 3rd day of September, 2015; and

Honorable Kyle Carter
Judge, 125th Judicial Court
Harris County Courthouse
201 Caroline, 10th Floor
Houston, Texas 77002
*Respondent*

via certified mail, return receipt requested on the 3rd day of September 2015.

/s/ Michael D. Hudgins
Michael D. Hudgins