SOUTHWESTERN BELL TELEPHONE, Appellant,

v.

Anne Kendall HUDSON and Husband, Charles Hudson, Appellees.

No. 09 86 157 CV.

Court of Appeals of Texas, Beaumont.

April 9, 1987.

Mark Johnson, Houston, Paul W. Gertz, Orgain, Bell & Tucker, Beaumont, for appellant.

Richard G. Lewis, Boneau & Lewis, Port Arthur, for appellees.

## OPINION

BURGESS, Justice.

This appeal is from a personal injury case which appellees, the Hudsons, instituted against appellant, Southwestern Bell Telephone Company, as a result of injuries Mrs. Hudson sustained in a automobile accident with one of appellant's trucks. Mr. Hudson claimed for loss of consortium. The court awarded appellees $67,700.00 upon a non-jury trial. Twelve (12) days prior to the second special setting for that trial, appellant moved for a physical examination of Mrs. Hudson pursuant to *TEX.R. CIV.P. 167a.* The court denied that motion. Appellant claims the court erred in both denying the *Rule 167a* motion and awarding unsupported, excessive damages to Mrs. Hudson. Both points are without merit.

■ No findings of fact or conclusions of law were filed, therefore, the judgment must be affirmed on any legal theory supported by the evidence. *Stanglin v. Keda Dev. Corp.*, 713 S.W.2d 94, 95 (Tex.1986); *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984). In this case, appellant allowed appellees to proceed to trial on nebulous damage claims; their petition merely recited that they sought damages in excess of the minimum jurisdictional amount.[1] The judgment also failed to categorize the damages.

■ At the trial, Mr. Hudson presented ample evidence to establish a claim for loss of consortium. Appellant does not challenge the sufficiency of the evidence to support that award. Neither did it dispute the fact that Mrs. Hudson was actually injured as the result of appellant's negligence. Rather, its complaint solely attacks the size of her award by challenging the extent and duration of her injuries. It sums up this evidentiary point by stating that this court "must conclude that $67,700 for a sore neck is, indeed, excessive." We disagree. Rather, we must sustain the trial court's damage award since it could have been allocated entirely to Mr. Hudson's claim.

As we recently noted in *P.T. & E. Co. v. Beasley*, 698 S.W.2d 190, 196 (Tex.App.— Beaumont 1985, writ ref'd n.r.e.), "[L]oss of consortium and its constituent elements necessarily involve subjective states incapable of precise translation into a monetary amount." Given this difficulty and proof of Mrs. Hudson's actual injury, we are unable to say that the amount of the judgment would have been excessive if ren-

---

1. The parties stipulated, pursuant to *TEX.R. CIV.P. 11*, that the property damage to appellee's car was $337.45.

dered solely on Mr. Hudson's cause of action. This conclusion also defeats appellant's claim that the trial court erred in refusing the motion for Mrs. Hudson's physical examination since any prejudice resulting from that denial was irrelevant to Mr. Hudson's claim. Nevertheless, we also hold that the trial court did not abuse its discretion by denying the motion.

*Rule 167a* provides, in pertinent part:

(a) When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician.... The order may be made only on motion for good cause shown and ... shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

■ Appellant has not presented us a record to show why the trial court failed to find the good cause requisite to ordering the examination. The standard of review for a *Rule 167a* ruling is whether the trial court abused its discretion. *C.E. Duke's Wrecker Service, Inc. v. Oakley*, 526 S.W.2d 228, 231 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); *Clark v. Clark*, 643 S.W.2d 795, 797 (Tex.App.—San Antonio 1982, no writ). In the absence of a clear demonstration of reversible error, we must uphold the trial court's judgment. *See, Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985); *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 442 (Tex.1984).

Appellant would have us apply *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) to hold that good cause always exists to examine a plaintiff who is suing for personal injuries. In that case the United States Supreme Court interpreted *FED.R.CIV.P. 35*, the precursor and counterpart to *TEX.R.CIV.P. 167a*, to allow for good cause when the plaintiff puts the extent and duration of injuries at issue, even through the pleadings. In this case however, the pleadings did not raise specific claims about the extent and duration of Mrs. Hudson's injuries. Again, we

are left with the bare judgment of the trial court that rejected the good cause showing. Appellant suggests that the only reason appearing for the denial is that given in appellees' Response to Motion to Compel Physical Examination, the tardiness of the request.

■ While appellant is correct in pointing out that *Rule 167a* does not specifically impose a time limit for making such a motion, we conclude that the timing of the request can be considered in determining whether there is good cause for the examination. In this case, as noted, trial counsel waited until the eve of the second special setting to request the examination. Even had the record revealed that this was the trial court's sole reason for finding that good cause for the motion did not exist, we would be hard pressed to disagree in light of the rigorous presumptions imposed by the abuse of discretion standard. For the foregoing reasons, we overrule appellant's points of error and affirm the decision of the trial court.

AFFIRMED.

BROOKSHIRE, Justice, concurring.

I concur in the results under this unusual record.

After a bench trial, the Appellant did not effectively obtain Findings of Fact and Conclusions of Law. There is little to review here. No abuse of discretion is shown on the part of the trial judge even though, 12 days before a second, special, No. 1 setting for the case, the Appellant moved for a physical examination of Mrs. Hudson pursuant to *TEX.R.CIV.P. 167a*. I think, probably, that arrangements could have been made to have a physical and mental examination of this party without delaying the trial. Indeed, in a bench trial, it is often, but not always, reasonably convenient to have a physical or mental examination made of a party during the taking of the testimony. Again, however, under this record, no abuse of discretion is shown.

The Court holds that, since the $67,700. judgment could have been rendered solely on Mr. Hudson's cause of action for loss of

consortium, and its constituent elements, the Appellant's contention that the trial court erred in refusing the motion for Mrs. Hudson's examination is eviscerated, since any prejudice resulting from the denial of an examination was irrelevant to Mr. Hudson's claim.

Stated another way, the Court holds that Mrs. Hudson's physical examination, or any results thereof, is simply not relevant at all to Mr. Hudson's claim for loss of consortium. I simply cannot agree to this abstract and erroneous conclusion.

An accepted definition is:

"The term 'consortium' means the mutual right of the husband and wife to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity necessary to a successful marriage. It does not include services (performance of household and domestic duties) rendered by a spouse to the marriage." [*3 State Bar of Texas, Texas Pattern Jury Charges, PJC 80.05* (1982), "Personal Injury Damages—Injury of Spouse"]

See *Reed Tool Co. v. Copelin*, 610 S.W.2d 736 (Tex.1980); *Whittlesey v. Miller*, 572 S.W.2d 665 (Tex.1978).

There is another reason and basis for my voting for an affirmance. The telephone company, having filed a motion for the examination 2 weeks before the special setting, should have, in my opinion, been more diligent in obtaining a reasonably early ruling by the trial judge. At that point, if the trial judge's order was a denial, then the telephone company should have applied for a writ of mandamus in the appropriate appellate court to require, upon a proper showing, the district judge to order a proper examination under *TEX.R.CIV.P. 167a.*

The course of action taken here by Appellant lends itself to the possible stratagem of electing to go to trial on the merits, without the examination, hoping for a victory or an award of minimal damages. A second part of the possible stratagem would be that, if the Appellant lost and the damages were substantial, then the trial judge's refusal to order an examination could possibly be a type of "built-in" error.

I desire to make it completely clear that I do not believe that this strategem was engaged in by the Appellant or its attorney. But I do think that the better procedure would have been for the Appellant to seek a proper writ of mandamus.

Nevertheless, because of the trial pleadings and the lack of Findings of Fact and Conclusions of Law and the state of this record, I concur in the affirmance of the judgment below.