Charles BEAMON and Sharon
Beamon, Appellants,

v.

The Hon. Eileen F. O'NEILL,
Judge, Appellee.

No. B14–93–0608–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 7, 1993.

Tim Herron, Karen D. Smith, The Woodlands, for appellants.

Henry H. McCreight, Jr., Randy G. Allen, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Relators, Charles and Sharon Beamon, petition this Court to mandamus Respondent, The Honorable Eileen F. O'Neill, to vacate her orders striking Relator's expert witnesses, quashing their notices of depositions, and denying their motion to compel an independent medical examination of the Real Party in Interest, Wade Fielding. We conditionally grant the writ.

The underlying suit is one for personal injuries, allegedly sustained by the Real Party in Interest during a boating accident. The Real Party in Interest filed suit against the Relators on July 2, 1992. Relators answered with a general denial and that the injuries, if any, were the result of a pre-existing condition.

On October 9, 1992, the trial court mailed a "joint case information questionnaire" to both parties. The Court noted that it would use the parties' responses "either to enter a docket control order or to hold a scheduling conference." On November 9, 1992, Relators responded to the questionnaire. In the questionnaire, Relators agreed to March 22, 1993 as a *proposed* pre-trial cutoff date for the designation of experts.

On December 2, 1992, the trial court issued its Docket Control Order. The Order reads:

### Docket Control Order

*NOTE: If an asterisk is shown, the date is governed by Texas Rules of Civil Procedure.

1. 2–08–93 Joinder. All parties shall be joined by this date. The party joining an additional party must provide the new party with a copy of this order.

2a. 3–22–93 **EXPERTS** must be designated by **plaintiff(s)** by this date.

b. (\*) **EXPERTS** must be designated by **all other parties** by this date.

NOTE: Expert designations must be written and include the expert's name, address, area of expertise and a brief summary of the expert's opinions.

3. 6–07–93 PLEADINGS. Pleadings must be amended or supplemented by this date.

4. 6–07–93 DISCOVERY. Discovery requests must be made in writing and filed with the court by this date.

5. 7–07–93 PRE–TRIAL CONFERENCE. Time: 1:30 p.m..

6. 7–12–93 TRIAL. If the case is not assigned to trial by the second Friday after this date, the trial date will be reset.

No other docket control orders were entered, and no subsequent written agreements to change any of the pre-trial discovery dates were filed by the parties.

On May 20, 1993, Relators filed a motion to compel an independent medical examination of the plaintiff, and on June 7, 1993, (thirty-five days before trial), Relators designated their five expert witnesses, and noticed the deposition of one of those experts. The trial court denied the request for a medical examination on June 7, 1993, and on June 21, 1993, quashed Relators' deposition and struck all of

Relators' expert witnesses. It is from these two orders that Relators petition this Court for relief.

A writ of mandamus will issue only to correct a trial court's clear abuse of discretion when there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Pope v. Davidson,* 849 S.W.2d 916, 919 (Tex.App.— Houston [14th Dist.] 1993, orig. proceeding), *citing Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). An appeal is considered inadequate if: (1) the appellate court would not be able to cure the trial court's error; (2) the party's ability to present a viable claim or defense is severely compromised; or (3) the missing discovery cannot be made a part of the appellate record. *Walker* at 843. The Beamons maintain that the trial court's striking of their expert witnesses and quashing one witness' deposition amount to a clear abuse of discretion.

■ TEX.R.CIV.P. 166b(6)(b) provides that a party must designate an expert witness whom it expects to call at trial, as soon as practical, but in no event less than thirty days before trial. In the absence of a specific court order stating otherwise, the deadline for the designation of experts is 30 days before trial. See, *Browne v. Las Pintas Ranch, Inc.,* 845 S.W.2d 370, 374 (Tex.App.— Houston [1st Dist.] 1992, no writ); *Pedraza v. Peters,* 826 S.W.2d 741, 744 (Tex.App.— Houston [14th Dist.] 1992, no writ); *Peters v. Moore,* 835 S.W.2d 764 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding); and *Mother Frances Hospital v. Coats,* 796 S.W.2d 566 (Tex.App.—Tyler, 1990, orig. proceeding). This Court does not need to address the issue of whether or not Relators' designations were "as soon as practical," because the Respondent's order specifically states that Relators experts were struck and deposition request quashed because they were not made by the date specified in the Docket Control Order. The Court's order states that "all parties understood the Court's December 2, 1992 Docket Control Order ... required the Defendants to have designated their experts by March 22, 1993."

■■ Docket control orders "are the only notice to attorneys of matters crucial to the outcome of litigation." *Loffland Brothers Co. v. Downey,* 822 S.W.2d 249, 250 (Tex.App.— Houston [1st Dist.] 1991, orig. proceeding). In the absence of a subsequent Rule 11 agreement or court order changing the pretrial dates, the court's docket order controls all discovery dates. This particular docket control order noted that plaintiffs' experts were to be designated by March 22, 1993, but that ALL OTHER PARTIES' experts were to be designated within the rules of civil procedure. Therefore, Relators' expert witnesses were to be designated in accordance with the rules of civil procedure.

The rules of civil procedure provide that the deadline for designation of an expert witness is 30 days before trial. Realtors designated their experts thirty-five days before trial. Because the docket control order did not designate a specific day for the designation of Relators' expert witnesses and because Relators designated their experts within the requirements of the rules of civil procedure, we find that the trial court's order striking Relators' designation of experts and notice of deposition as "untimely" was a clear abuse of discretion.

■ The only question remaining on this issue is whether or not the Beamons have an adequate remedy by appeal. Designation of expert witnesses is a crucial element of the pretrial discovery process. *Loffland* at 251. The record reveals that the Real Party in Interest intends to call expert witnesses to establish the nature and extent of his injuries. Relators' experts were to testify on key rebuttal issues such as the cause of the injury and damages. Relators' defense has been severely compromised by the court's erroneous order, and has left the Relators with no adequate remedy by appeal. Therefore, we conditionally grant the writ as to the order entered on June 21, 1993, striking Relators' expert witnesses and quashing Relators' expert's deposition.

■ We now turn to the issue of the petition for mandamus on the denial of the inde-

pendent medical examination. Tex.R.Civ.P. 167a governs the ordering of independent medical examinations. The rule provides that when the mental or physical condition of a party is in controversy, the court, upon a motion for good cause shown, may order the party to submit to a physical or mental examination. The primary purpose of Rule 167a "is to provide a procedure by which a party whose physical condition is in dispute and is a material issue may be required to submit to an examination by another party to the suit." *Manuel v. Spector,* 712 S.W.2d 219, 223 (Tex.App.—San Antonio 1986, no writ). By asserting a physical injury and by intending to use expert medical testimony to prove his alleged physical condition, the Real Party in Interest has placed his physical condition "in controversy," and has provided the Relators with "good cause" to seek an independent medical examination. See, *May v. Lawrence,* 751 S.W.2d 678 (Tex.App.—Tyler, 1988, orig. proceeding [leave denied]); *Sherwood Lane Assoc. v. O'Neill,* 782 S.W.2d 942 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding); and *Amis v. Ashworth,* 802 S.W.2d 374 (Tex.App.—Tyler 1990, orig. proceeding [leave denied]).

■■ Real Party in Interest moved the trial court to deny Relators' request for an independent medical examination on the ground that the request was untimely, and should have been submitted by March 22, 1993. The trial court issued a blanket order denying the Relators' request. Although the timing of a request for an independent medical examination may be considered in determining whether good cause exists for the examination,[1] such an analysis does not apply in this case. The docket control order did **not** set a cutoff date for requesting medical examinations. The March 22, 1993, cutoff date applied only to plaintiff's designation of experts. Relators' designation of experts was not due until 30 days before trial, and all final discovery requests were not due until June 7, 1993. Relators' request for an examination was made eighteen days before the discovery date cutoff, fifty-three days before

trial, and within the rules of civil procedure. Nothing in the record supports the contention that Relators' request for an independent medical examination was untimely. Good cause for the examination existed because the Real Party in Interest had placed his own physical condition in controversy, and intended to call medical expert witnesses to establish his injuries. Further, Relators had filed an answer alleging that the injuries were the result of a pre-existing condition. We find that Respondent abused her discretion in denying Relators' motion for an independent medical examination.

■ The only question remaining is whether the Relators have an adequate remedy by appeal. We find that they do not. Respondent's action severely restricts Relators' opportunity to discover facts that may contradict the opinions of plaintiff's expert witnesses. The order not only severely limits Relators' defense, but the missing request cannot even be made a part of the record for appellate review. We hold that Respondent's order of June 7, 1993, denying an independent medical examination of the plaintiff, was an abuse of discretion from which Relators have no adequate remedy by appeal.

In conclusion, we conditionally grant Relators' writ of mandamus, and direct Respondent to vacated her orders of June 7 1993, and June 21, 1993, denying an independent medical examination of the plaintiff, striking all of Relators' expert witnesses and quashing Relators' deposition of Dr. Likeover. We are confident that Judge O'Neill will comply with the order of this Court. The writ will not issue unless Judge O'Neill fails to vacate her orders.

■

---

1. See, *Southwestern Bell Telephone Co. v. Hudson,* 728 S.W.2d 899, 901 (Tex.App.—Beaumont 1987, no writ).