**Opinion issued November 2, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00559-CV

————————————

## IN RE AUTOZONE PARTS, INC. AND AARON ALLEN, Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

AutoZone Parts, Inc. and Aaron Allen, seek mandamus relief from the trial court's order denying their motion to compel the medical examination of Raul Maturey in the underlying personal injury suit filed by Maturey against them.[1] AutoZone and Allen contend that (1) they satisfied the "good cause" requirement

---

[1] The underlying case is *Raul Maturey v. Autozone, Inc., Autozone Parts, Inc., Autozone Texas, LLC, Autozone West, LLC, and Aaron Allen*, cause number 2015-02275, pending in the 151st District Court of Harris County, Texas, the Honorable Mike Englehart presiding.

for the medical exam after Maturey designated medical doctors as witnesses who might testify regarding his physical injuries and his need for future medical care; and (2) they lack an adequate remedy on appeal. We conditionally grant the petition.

## Background

This case arose out of a car accident between vehicles operated by Maturey and Allen. At the time of the accident, Allen was driving a vehicle in the course and scope of his employment with AutoZone. Maturey sued AutoZone and Allen for negligence, alleging injuries to his back and neck. Maturey designated multiple medical providers as expert witnesses.

AutoZone and Allen moved that Maturey be required to submit to a medical examination by one of their experts, an orthopedic surgeon. *See* TEX. R. CIV. P. 204. Maturey responded that AutoZone and Allen had failed to show "good cause" for the examination. The trial court denied the motion.

## Discussion

In their petition, AutoZone and Allen contend that the trial court's order denying their medical exam motion was an abuse of discretion because they met the requirements for a medical examination under Texas Rule of Civil Procedure 204.1.

### I. Standard of Review

Mandamus is available only when the relator can show both that (1) the trial court clearly abused its discretion or violated a duty imposed by law, and (2) there

is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see also In re H & R Block*, 159 S.W.3d 127, 132 (Tex. App.—Corpus Christi 2004, orig. proceeding). In determining whether an appeal is adequate, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding).

## II.     Applicable Law

Rule 204.1 governs whether a movant may obtain a physical or mental examination of another party. TEX. R. CIV. P. 204.1(a); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 303 (Tex. 2016). The trial court may grant a Rule 204.1 motion if the movant shows that (1) "good cause" exists and (2) the physical condition is "in controversy." TEX. R. CIV. P. 204.1(c). "Accordingly, 'good cause' must be shown for issuance of the exams, which may be shown when the mental or physical condition of the party is 'in controversy,' or the party responding to the motion has designated a psychologist as a testifying expert or disclosed a psychologist's records for possible use at trial." *In re Reliable Com. Roofing Servs.*, No. 01-15-00450-CV, 2016 WL 3345483, at *4 (Tex. App.—Houston [1st Dist.] May 24, 2016, orig. proceeding) (citing *In re Medina*, No. 01–07–007474–CV, 2007

3

WL 4279171, at *2 (Tex. App.—Houston [1st Dist.] Dec. 6, 2007, orig. proceeding)).

"Good cause" for Rule 204.1(c) is shown when (1) the examination is relevant to issues in the case and that the examination will produce, or is likely to lead to, relevant evidence; (2) there is a reasonable nexus between the condition of the person to be examined and the examination sought; and (3) it is impossible to obtain the desired information through means that are less intrusive than a compelled examination. *Id.* (citing *Coates v. Whittington*, 758 S.W.2d 749, 753 (Tex. 1988)). The "in controversy" requirement varies according to whether physical or mental medical exams are at issue. *Medina*, 2007 WL 4279171, at *2. Physical injuries have been held to be in controversy when a party (1) places the condition into controversy by employing it either in support of, or in defense of, a claim or (2) a party affirmatively shows that the condition is in controversy. *Id.* (citing *Williams v. Sanderson*, 904 S.W.2d 212, 214–15 (Tex. App.—Beaumont 1995, no writ)). Mental exams are subject to a more rigorous standard due to their sensitive nature. *Id.*

## III. Good Cause

Maturey has designated multiple medical providers as expert witnesses to testify regarding (1) the nature and extent of his injuries, (2) the proximate cause thereof, (3) their examinations, diagnoses and treatment of Maturey, and (4) Maturey's prognosis and need for future medical care. By designating expert

4

medical testimony to prove his alleged physical condition, Maturey has placed his physical condition "in controversy." *See Coates*, 758 S.W.2d at 753; *Reliable Com. Roofing Servs.*, 2016 WL 3345483, at \*5-6; *Laub v. Millard*, 925 S.W.2d 363, 364 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Beamon v. O'Neill*, 865 S.W.2d 583, 586 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding) (granting mandamus relief compelling trial court to vacate denial of medical examination of plaintiff); *Sherwood Lane Assocs. v. O'Neill*, 782 S.W.2d 942, 944 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding); *Amis v. Ashworth*, 802 S.W.2d 374, 378 (Tex. App.—Tyler 1990, orig. proceeding).[2]

Further, AutoZone and Allen have met the requirements for establishing good cause for a medical exam as set by the Texas Supreme Court in *Coates v. Whittington*, 758 S.W.2d 749 (Tex. 1988).

***Relevance.*** The issues in controversy are the existence and extent of Maturey's physical injuries; thus, Maturey's medical condition is relevant. *See H.E.B. Grocery Co*, 492 S.W.3d at 303 (holding that physical examination was relevant where "the issues in controversy are the existence and extent of [plaintiff's] physical injuries"). Maturey's expert has recommended a "right-sided L4-5 and L5-S1 medial branch block and endoscopic rhizotomies" as a result of disc herniations

---

[2] Rule 204.1 superseded the previous Texas Rule of Civil Procedure 167a, which also provided that such an order was available when a party's condition was "in controversy," and "for good cause shown."

in Maturey's back and neck. Although a medical exam is not warranted in every case in which the nature and extent of the plaintiff's injuries are disputed, Maturey's experts are recommending surgery based on their examination and treatment of Maturey's injuries. Maturey's petition alleges damages of "two hundred thousand dollars but not to exceed one million dollars to be determined by the fact finder in its sole discretion." In answers to discovery, Maturey provided an estimate for future surgery of over $22,000 with additional expenses to be supplemented.

Maturey argued to the trial court that the requested exam is "not relevant discovery" because the purpose of the exam would be for litigation, not treatment. But Maturey failed to provide any authority that Rule 204 limits medical examinations to those experts who are treating the plaintiff. On the contrary, the rule specifically provides that physical exams may be sought for the purpose of litigation. Maturey's proposed limitation, thus, directly conflicts with the allowance of such exams under the rules.

***Reasonable Nexus.*** A "reasonable nexus" exists between the condition in controversy and the examination sought if the purpose of the requested exam (here, an orthopedic examination) is to determine the existence, nature and extent of the plaintiff's injuries and (as here) those injuries make up the "condition in controversy." *H.E.B. Grocery Co.*, 492 S.W.3d at 303.

***Less Intrusive Means.*** Finally, Maturey contends that there are less intrusive means to obtain his medical information, pointing out that his doctors will be made available for deposition, and in any event, his medical records already have been made available. Similar "less intrusive means" arguments have been considered and rejected by the Texas Supreme Court and this court. *See H.E.B. Grocery Co.*, 492 S.W.3d at 303-304; *Reliable Com. Roofing Servs.*, 2016 WL 3345483, at*6. As the Texas Supreme Court reasoned, requiring a defendant's medical expert to testify without the benefit of having examined the plaintiff places that expert at a distinct disadvantage at trial. *See H.E.B. Grocery Co.*, 492 S.W.3d at 304.

We hold that the trial court erred in denying the request for a physical examination.

## IV. Adequate Remedy

We will not grant mandamus relief if there is a "clear and adequate remedy at law, such as a normal appeal." *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984). In the discovery context, "a party seeking review of a discovery order by mandamus must demonstrate that the remedy offered by an ordinary appeal is inadequate." *Walker*, 827 S.W.2d at 842. The *Walker* court identified three discovery circumstances when a party will not have an adequate remedy by appeal, including: (1) "when the appellate court would not be able to cure the trial court's discovery error," for example, "when the trial court erroneously orders the disclosure of

privileged information which will materially affect the rights of the aggrieved party, such as documents covered by the attorney-client privilege"; (2) "where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error"; and (3) "where the trial court disallows discovery and the missing discovery cannot be made part of the appellate record, or the trial court after proper request refuses to make it part of the record, and the reviewing court is unable to evaluate the effect of the trial court's error on the record before it." *Walker*, 827 S.W.2d at 843–44.

Maturey alleges that AutoZone and Allen's negligence caused his physical injuries and the need for past and extensive future medical treatment. Maturey has designated multiple healthcare providers as potential medical expert witnesses and intends to use their expert medical testimony to prove his injuries and future damages at trial. The trial court's order restricts discovery of facts that may contradict the opinions of Maturey's designated expert witnesses as to his future medical care. In a case in which the nature, extent, and future course of treatment of a physical injury is sharply contested by experts, an appeal is inadequate from a discovery ruling denying a medical exam. *See H.E.B. Grocery Co.,* 492 S.W.3d at 304–05 (finding appellate remedy inadequate and granting mandamus relief from denial of relator's motion for physical examination of plaintiff in personal injury action because relator's defense depended "significantly on competing expert

testimony" and denial of examination failed to "allow [relator's] expert the same opportunity as [plaintiff's] expert to fully develop and present his opinion, ensuring a fair trial."); *Reliable Com. Roofing Servs.*, 2016 WL 3345483, at \*7 (finding appellate remedy inadequate and granting mandamus relief because denial of relator's motion to conduct physical examination "compromise[es] is ability to present a viable claim or defense at trial" and "the missing discovery cannot be made part of the appellate record"); *Ten Hagen Excavating, Inc.*, 435 S.W.3d at 863–64 (finding appellate remedy inadequate and granting mandamus relief because "[t]he denial of [relator's] request to conduct a physical examination both severely compromises [its] ability to develop a defense to [plaintiff's] claims for continued loss of use of his [leg] and for damages arising from possible future surgery on his [leg] and will deny this Court the ability to evaluate the effect of the trial court's error on appeal"); *see also Sherwood Lane Assocs.*, 782 S.W.2d at 945 (granting mandamus relief because "[f]undamental fairness dictates that relators' psychiatrist be allowed to examine the minor; otherwise relators will be at a severe disadvantage in the battle of experts") (internal quotation marks and citation omitted).

## Conclusion

For the foregoing reasons, we conditionally grant the petition for writ of mandamus and direct the trial court to withdraw its order and enter an order requiring Maturey to submit to a physical examination on reasonable and appropriate terms

9

and conditions, including that Maturey will bear no expense. The writ will issue only if the trial court does not comply.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Brown.